UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS SOLA,  15cv276 (WWE)

v.

STATE OF CONNECTICUT JUDICIAL
BRANCH

## RULING ON MOTION FOR RECONSIDERATION

In this action, plaintiff Luis Sola asserts that defendant the State of Connecticut Judicial Branch discriminated against him due to his ethnicity, heritage and national origin; retaliated against him for complaining about discrimination; and subjected him to a hostile work environment in violation of Title VII and the Connecticut Fair Employment Practices Act (CFEPA).[1] Specifically, plaintiff based his assertions of disparate treatment and retaliation on the circumstances of his suspension, an unfavorable evaluation, defendant's failure to provide him with evaluations for four years, and defendant's failure to promote him.

In a ruling dated August 25, 2017, this Court granted defendant's motion for summary judgment on plaintiff's claims of disparate treatment based on the period of time in which he did not receive an evaluation and his failure to be promoted in 2012 and 2013; retaliation; and hostile environment. The Court found that plaintiff's claims of disparate treatment based on his suspension and unsatisfactory evaluation should be considered by a jury.

---

[1] Generally, Connecticut anti-discrimination statutes are interpreted in accordance with federal precedent. Kaytor v. Electric Boat Corp., 609 F.3d 537, 556 (2d Cir. 2010).

Defendant filed a motion for reconsideration, arguing that the Court erred by failing to find that plaintiff had satisfied his burden to show a prima facie case on his disparate treatment claims; and that the Court improperly found disputed issues of facts relative to pretext. The Court will grant the motion for reconsideration and will clarify its prior ruling.

## DISCUSSION

A motion for reconsideration "generally will be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

Plaintiff may establish his prima facie claim of discrimination in violation of Title VII by demonstrating that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Mathirampuzha v. Potter, 548 F.3d 70, 78 (2d Cir. 2008).

On summary judgment, defendant did not challenge that plaintiff had established the first three prongs of his prima facie case, but it contested plaintiff's ability to establish that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

2

Although the plaintiff's initial burden is not onerous, he must show that the alleged adverse employment action was not made for legitimate reasons. Thomas v. St. Francis Hosp. & Med. Ctr., 990 F. Supp. 81, 86 (D. Conn. 1998).

If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).

The Court notes that its ruling did find that plaintiff had satisfied the prima facie case on his disparate treatment claims. Nevertheless, the Court hereby clarifies that plaintiff has satisfied his minimal burden of demonstrating the prima facie case. Construing the facts most favorably to plaintiff, plaintiff has established that the negative performance evaluation and suspension occurred under circumstances giving rise to an inference of discrimination. Similarly, the Court adheres to its previous decision that a jury should resolve whether defendant has proffered pretextual justifications for discriminatory adverse employment actions.

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration [doc. 50] is GRANTED. However, the Court clarifies that it found that plaintiff did satisfy the prima facie case on his disparate treatment claims, and it adheres to its previous decision.

<pre>
                          /s/Warren W. Eginton
                          Warren W. Eginton
                          Senior U.S District Judge
</pre>

Dated this 2d day of November, 2017 at Bridgeport, Connecticut.